## THOMPSON *vs.* REINHARD, et al.

APPEAL FROM COUNTY COURT, MILWAUKEE COUNTY.

Heard April 27.]                                [Decided June 4, 1860.

*Practice—Judgment—Joinder of Parties.*

In an action against several defendants, the court may, in its discretion, render judgment of discontinuance in favor of one or more of them, leaving the action to proceed against the others, whenever a several judgment may be proper.

A party who commenced an action against three defendants, for a tort, but failed to sustain it by proof against all but one, such party need not amend his complaint, nor ask to discontinue his action as to those against whom there is no proof; nor will he be non-suited by the court for such failure; but he is entitled to judgment against the party, who is liable upon the proof.

The facts in this case appear by the opinion of the court.

*L. Wyman,* for the appellant.

*Waldo & Rogers,* for the respondents.

*By the Court,* COLE, J. Whatever doubt might have existed, under the old practice, as to the power of the county court to allow the appellant to discontinue as to two of the respondents, to amend his complaint and proceed to judgment against the third; we suppose none can now exist, in view of the broad discretionary power, given the court, by section 26, chap. 132, R. S. By that section it is provided that judgment may be given for or against one or more of several defendants, and it may determine the ultimate rights of parties on each side, as between themselves, and may grant to the defendant any affirmative relief to which he may be entitled. And in an action against several defendants, the court may, in its discretion, render judgment against one or more

Thompson vs. Reinhard, et al.

of them, leaving the action to proceed against the others when a several judgment may be proper.

The action was founded upon chap. 48, R. S., and was originally brought in a justice's court to recover damages sustained by the appellant for injuries done by dogs, kept and owned by the respondents, to his sheep. This chapter enables a party to maintain an action for such damages whether the owner of the dog had knowledge that he was mischievous, and would worry sheep, or not. The complaint clearly proceeded upon the idea that the respondents were jointly liable, for it charged that certain dogs kept and owned by them committed the injury. A recovery was had in the justice's court, and the respondents took their appeal. Not being able to prove a joint liability, the appellant filed with the clerk of the court, a written discontinuance as to two of the defendants. And upon the trial, after proving that a dog kept by the other defendant killed his sheep as stated, a motion was made for a non-suit principally upon the ground that the action having been originally commenced jointly against them, it could not be sustained under the proof; and also upon the further ground, that the action was still pending against them because the costs had not been paid, as to the defendants in respect to whom the appellant had attempted to discontinue. The appellant offered to pay the costs which might be due the defendants against whom he had discontinued his suit, and asked leave to amend his complaint so as to make it conform to the proof. The county court refused to allow the amendment to be made and to permit the action to proceed to judgment, but granted the nonsuit. In this we think the court erred.

In this case no amendment of the complaint was necessary. The object of the provision of the statute above cited is manifest. It was to save a party from the consequences which he incurred under the old practice by a misjoinder of parties.

Whenever a party establishes a cause of action against one or more defendants in an action for a tort or upon contract; and it appears that the other defendants were not joint contractors, or jointly liable, he is entitled to a judgment against the one against whom he establishes his cause of action. In this case, if one of the defendants owned the dog which committed the injury, there can be no doubt but he was severally liable in the action. And, although the appellant charged a joint liability in the complaint, yet when he failed to show that the defendants jointly owned the dog which committed the injury, but established his action as to one, he should have had judgment against that one, either with or without discontinuing the action as to the other defendants.

The judgment of nonsuit is therefore reversed, and the cause remanded to the county court for a new trial.